**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**YVONNE WRIGHT,**

        Plaintiff,

    -vs-                                                        Case No. 14-C-916

**ZIMMER HOLDINGS, INC., et al.,**

        Defendants.

## DECISION AND ORDER

This recently-filed complaint doesn't recite a basis for federal jurisdiction. The Court rarely, if ever, sees a non-*pro se* complaint that fails to explain, in basic terms, why it was filed in federal court.

On the Civil Cover Sheet, the plaintiff's lawyer checked "Diversity" in Section II, Basis for Jurisdiction. According to the allegations in the complaint, the parties aren't diverse. The plaintiff is from Wisconsin. So are two of the defendants. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (noting complete diversity requirement).

In Section VI, Cause of Action, the plaintiff is asked to "Cite the U.S. Civil Statute under which you are filing (***Do not cite jurisdictional statutes unless diversity)***." If this was a diversity case, the Court would have expected the plaintiff to cite 28 U.S.C. § 1332(a). Instead, the plaintiff's lawyer wrote: "Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 321, § 331(a) and § 332(a)(2) . . ." Sure enough, the allegations in the complaint reference this statute and its provisions. *See, e.g.,* Second Count (Strict Liability —

Design Defect) ("The hip implant was designed and/or manufactured in a manner violative of the [FDCA] and the Medical Devices Amendment thereto. . . . The facilities or controls used by Defendants in the manufacture, packing, storage, or installation of the hip implant were not in conformity with the applicable requirements of the FDCA").

Unfortunately for the plaintiff, there is no private cause of action under the FDCA. *Bailey v. Johnson*, 48 F.3d 965, 968 (6th Cir. 1995). This "congressional determination that there should be no federal remedy for the violation of [the FDCA] is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharms Inc. v. Thompson*, 478 U.S. 804, 814 (1986). Although "FDCA standards may be embedded in this claim, that does not constitute a substantial federal issue sufficient to confer jurisdiction, especially where the FDCA confers no private cause of action." *West Virginia ex rel. Morrisey v. Pfizer, Inc.*, 969 F. Supp. 2d 476 (S.D. W. Va. 2013) (citing *Merrell Dow*).

This matter is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2014.

        **BY THE COURT:**

        _____
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**